Lesley A. Montion (State Bar No.200009)
MONTION LAW OFFICE
Email: montionlgl@gmail.com
235 East Broadway, Suite 1140
Long Beach, CA 90802
Telephone: (562) 810-0729

**Attorney for Defendant**
**DISCOUNT WAREHOUSE LLC**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. AND SLING TV L.L.C.<br><br>Plaintiffs,<br><br>V.<br><br>SCOTT FORBES and DISCOUNT WAREHOUSE L.L.C., d/b/a SupeBoxElite TV,<br><br>Defendants. | Case No. 8:25-cv-1482<br><br>**DEFENDANT, DISCOUNT WAREHOUSE LLC**<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint filed: July 8, 2025 |

Defendant, DISCOUNT WAREHOUSE LLC, d/b/a SuperBoxEliteTV ("DWLLC"), by and through its attorneys, responds to the Complaint filed by Plaintiff, Dish Network L.L.C. and SLING TV L.L.C. as follows:

## RESPONSE TO INTRODUCTION

DWLLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, denies each and every such allegation. DWLLC admits that the Court has subject matter jurisdiction over this action.

## PARTIES

1. DWLLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the information contained in this paragraph.

2. DWLLC is not referenced within this paragraph. To the extent that paragraph 2 contains any allegation that requires DWLLC to admit or deny, DWLLC denies all allegations within paragraph 2.

3. DWLLC states that to the extent paragraph 3 purports to reference the Articles of Incorporation or Bylaws of Discount Warehouse, LLC, such documents are written instruments that speak for themselves. DWLLC denies any allegations within paragraph 3 that are inconsistent with the express terms of those documents. Specifically, DWLLC denies that Mr. Scott Forbes is an officer of DWLLC, and/or that he holds the title of CEO.

## JURISDICTION AND VENUE

4. DWLLC admits that the Court has subject matter jurisdiction over this matter.

---

DISCOUNT WAREHOUSE LLC - ANSWER TO COMPLAINT

5. DWLLC admits that it is a limited liability company organized under the laws of the state of California. Except as expressly admitted, DWLLC denies the remaining allegations in paragraph 5 of the Complaint. DWLLC specifically denies that Plaintiffs have alleged facts sufficient to establish that a substantial part of the events or omissions giving rise to their claims occurred in this courts District.  DWLLC further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the residence of the parties in California and, on that basis, denies such allegations. Without waiving any defenses, DWLLC expressly preserves the right to challenge personal jurisdiction and venue should it become appropriate.

6. DWLLC states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 concerning the residence of all parties and, on that basis, denies them. DWLLC further denies that Plaintiffs have alleged facts sufficient to establish that a substantial part of the events or omissions giving rise to their claims occurred in this District.  Accordingly, DWLLC denies that venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).  Plaintiffs have failed to identify any act, omission, or illegal event within this District that could support their choice of venue. Any alleged conduct attributable to DWLLC occurred, if at all, outside the jurisdiction of this Court. Venue here is improper, unsupported by law, and prejudicial to DWLLC. DWLLC expressly preserves and asserts its defenses under Federal Rule of Civil Procedure 12(b).

### DEFENDANTS' ALLEGED ILLICIT STREAMING SERVICE

7. DWLLC states that the statements contained in paragraph 7 are information, legal conclusions and/or argument not subject to admission or denial.

8. DWLLC states that the statements contained in paragraph 8 are information, legal conclusions and/or argument not subject to admission or denial.

9. DWLLC admits it is the legal owner of the web domain "SuperboxEliteTV.com" and not Mr. Scott Forbes. Plaintiffs make no allegations against DWLLC in this paragraph 9. Accordingly, Plaintiffs' attempt to conflate a potential member of an LLC personally with the alleged actions of Discount Warehouse, LLC, is improper, unsupported by fact, and legally scant.

10. Defendant DWLLC generally denies the allegations contained in paragraph 10. DWLLC specifically denies that any alleged conduct of Discount Warehouse LLC may properly be imputed to a member of an LLC in his/her individual capacity. DWLLC avers that Discount Warehouse, LLC is a separate and distinct legal entity, duly organized under the laws of the State of California, and that Plaintiffs have failed to assert any direct claim against that entity within this paragraph 10. Accordingly, Plaintiffs' attempt to conflate a potential member of an LLC personally with the alleged actions of Discount Warehouse, LLC, is improper, unsupported by fact, and legally scant.

11. Plaintiffs make no allegations against DWLLC in this paragraph 11. To the extent that paragraph 11 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 11.

12. DWLLC states that the language contained within paragraph 12 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 12 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 12.

13. DWLLC states that the language contained within paragraph 13 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 13

contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 13.

14.     DWLLC states that the language contained within paragraph 14 are legal conclusions and/or arguments not subject to admission or denial. To the extent that paragraph 14 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 14.

15.     Plaintiffs fail to identify which, if any, Defendant the allegations contained within paragraph 15 are directed at. To the extent that paragraph 15 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 15.

16.     DWLLC denies the allegations contained in paragraph 16 of the Complaint. Plaintiff has not identified the nature or method of the alleged notice, nor provided any proof of proper service upon DWLLC. California requires service upon the corporation via certified mail upon the "Registered Agent" of the corporation. Plaintiff has further failed to allege compliance with applicable notice provisions. Accordingly, any purported notice was legally insufficient and ineffective to confer jurisdiction over DWLLC. DWLLC specifically denies that the "service" continues to operate.

17.     DWLLC denies all allegations contained in paragraph 17 to the extent it did not admit to them within its answers to paragraphs 1-16.

18.     DWLLC denies the allegations contained in paragraph 18 of the Complaint. Plaintiff alleges that it is "authorized by the copyright owners to control access to the channels and use the DRM technology with their consent," yet fails to allege any right to enforce copyrights of third parties. This omission is a material defect and an essential element required to state a valid claim.

19. DWLLC states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 19 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 19.

20. DWLLC states that the allegations contained in paragraph 20 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 20 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 20.

21. DWLLC denies the allegations contained in paragraph 21 of the Complaint. DWLLC specifically denies that it manufactures any technology as alleged, or that it has "offered the public," "provided," or "otherwise trafficked" in any Service, as such terms do not appear in or correspond to the statutory provisions of 17 U.S.C. § 1201(b)(1). Plaintiffs have failed to plead sufficient factual detail to support their claims and instead rely on vague, conclusory, and legally unsupported assertions. As the Supreme Court has held, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, DWLLC denies the allegations in paragraph 21 and asserts that Plaintiffs' failure to plead with specificity prevents DWLLC from mounting a meaningful defense.

22. DWLLC denies the allegations contained within paragraph 22.

23. DWLLC denies the allegations contained within paragraph 23.

24. DWLLC denies all allegations contained within paragraph 24 to the extent it did not admit them within its answers to paragraphs 1-16.

25. DWLLC denies the allegations contained in paragraph 25 of the Complaint. Plaintiff alleges that it is "authorized by the copyright owners to control access to the channels and use the DRM technology with their consent," yet fails to allege any right to enforce the copyrights of third parties. This omission is a material defect and an essential element required to state a valid claim.

26. DWLLC asserts that the allegations contained in paragraph 26 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 26 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 26.

27. DWLLC asserts that the allegations contained in paragraph 27 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 27 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 27.

28. DWLLC denies the allegations contained in paragraph 28 of the Complaint. DWLLC specifically denies that it manufactures any technology as alleged, or that it has "offered the public," "provided," or "otherwise trafficked" in any Service, as such terms do not appear in or correspond to the statutory provisions of 17 U.S.C. § 1201(b)(1). Plaintiffs have failed to plead sufficient factual detail to support their claims and instead rely on vague, conclusory, and legally unsupported assertions. As the Supreme Court has held, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, DWLLC denies the allegations in paragraph 28 and asserts

that Plaintiffs' failure to plead with specificity prevents DWLLC from mounting a meaningful defense.

29.     DWLLC denies the allegations in Paragraph 29 of the Complaint. Plaintiff pleads no facts identifying any specific copyrighted work allegedly infringed. To the extent Plaintiff purports to assert claims on behalf of works owned by others, Plaintiff lacks standing to do so. DWLLC further denies that it engaged in any conduct constituting copyright infringement under 17 U.S.C. § 501 or any other federal law for which Plaintiffs have a right of prosecution.

30.     DWLLC denies the allegations contained in paragraph 30 of the Complaint. DWLLC specifically denies that it manufactures any technology as alleged, or that it has "offered the public," "provided," or "otherwise trafficked" in any Service, as such terms do not appear in or correspond to the statutory provisions of 17 U.S.C. § 1201(b)(1). Plaintiffs have failed to plead sufficient factual detail to support their claims and instead rely on vague, conclusory, and legally unsupported assertions. As the Supreme Court has held, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, DWLLC denies the allegations in paragraph 30 and asserts that Plaintiffs' failure to plead with specificity prevents DWLLC from mounting a meaningful defense.

31.     DWLLC denies all allegations contained in paragraph 31 to the extent it did not admit to them within his answers to paragraphs 1-16.

32.     DWLLC states that the statements contained in paragraph 32 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 32 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 32.

33. DWLLC states that the allegations in paragraph 33 are legal conclusions and/or argument not requiring a response. To the extent a response is required, DWLLC denies all allegations in paragraph 33. DWLLC specifically denies that it has "activated" or "deactivated" any service subscriptions. Further, the terms "subscription," "activate," and "deactivate" are undefined and ambiguous, and Plaintiffs plead no facts explaining what the alleged subscription is, what it does, what rights (if any) it confers, who purportedly controlled it, when or how any activation/deactivation occurred, or how any such conduct would violate federal law. Conclusory characterizations of control over a "service" without factual support do not satisfy FRCP Rule 8. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). Because Plaintiffs fail to allege the necessary factual detail, DWLLC cannot reasonably prepare a further response and objects that paragraph 33 is so vague and ambiguous as to warrant a more definite statement. DWLLC reserves all rights, including to move under Rules 12(b)(6), 12(e), and 12(f).

34. DWLLC states that the allegations in paragraph 34 are legal conclusions and/or argument not requiring a response. To the extent a response is required, DWLLC denies all allegations in Paragraph 34.

35. Plaintiffs' request for Defendant to be restrained and enjoined fails under Winter v. NRDC, 555 U.S. 7, 20 (2008) (likelihood of success, irreparable harm, balance of equities, public interest). Plaintiffs plead no concrete facts showing an intentional interception, use, or disclosure of the contents of any wire, oral, or electronic communication, as required by 18 U.S.C. § 2511 and/or § 2520. See Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 878 (9th Cir. 2002).

Factually, DWLLC did not sell any "service," did not "activate" or "deactivate" any subscription, and lacks any ability to do so; Plaintiffs never define "subscription," identify any communication, participant, date, or method with sufficient specificity. Plaintiff's assertion that "unless restrained… Defendants will continue to violate §§ 2511(1)(c)–(d) and 2520(a)" is purely conclusory. They plead no concrete facts showing a specific, imminent interception/use/disclosure of the contents. Threadbare assertions do not satisfy Rule 8. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). Plaintiffs also cannot show irreparable harm. The statute provides an adequate remedy at law (actual or statutory damages, plus fees). 18 U.S.C. § 2520(c). Speculative future injury is insufficient. City of L.A. v. Lyons, 461 U.S. 95, 102–06 (1983). With no ongoing or imminent unlawful conduct, the equities and public interest do not favor an injunction. Further, the terms "subscription," "activate," and "deactivate" are undefined and ambiguous, and Plaintiffs plead no facts explaining what the alleged subscription is, what it does, what rights (if any) it confers, who purportedly controlled it, when or how any activation/deactivation occurred, or how any such conduct would violate federal law. Conclusory characterizations of control over a "service" without factual support do not satisfy Rule 8. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). Because Plaintiffs fail to allege the necessary factual detail, DWLLC cannot reasonably prepare a further response and objects that paragraph 35 is so vague and ambiguous as to warrant a more definite statement. DWLLC reserves all rights, including to move under Rules 12(b)(6), 12(e), and 12(f). To the

extent that paragraph 35 contains any allegation that requires admission or denial, DWLLC denies all allegations within paragraph 35.

## RESPONSE TO PRAYER FOR RELIEF

In response to Plaintiffs Prayer for Relief, DWLLC denies the allegations in Plaintiff's Prayer For Relief and denies Plaintiff is entitled to any of the relief sought.

## DWLLC AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, DWLLC states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim)

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against DWLLC. See Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' equitable claims are barred, in whole or in part, by the equitable doctrine of laches, as Plaintiffs unreasonably delayed asserting their claims to Defendant's prejudice. See Petrella v. MGM, 572 U.S. 663, 678 (2014).

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is barred from asserting the Complaint, and each and every claim for relief against DWLLC, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Legitimate Business Conduct)

Plaintiffs' claims are barred, in whole or in part, because Defendant DWLLC, at all relevant times, acted in good faith, without malice, and in furtherance of the legitimate business purposes of the LLC. DWLLC's actions, if any, were lawful and consistent with the Articles of Incorporation and Bylaws of Discount Warehouse, LLC, and were undertaken to promote the mission and legitimate business objectives of the LLC.

### FIFTH AFFIRMATIVE DEFENSE

### (Copyrights are Invalid)

Plaintiffs' claims are barred because portions of the asserted works are not copyrightable subject matter under 17 U.S.C. § 102(b). Critical parts or portions of their alleged protected copyrights are invalid due to consisting of un-protectable idea(s) or processes.

### SIXTH AFFIRMATIVE DEFENSE

### (Invalid Ownership of Copyrights)

Plaintiffs are not the owner of one or more copyrights at issue and attempt to assert claims they do not have the current right to assert.

### SEVENTH AFFIRMATIVE DEFENSE

### (Public Domain)

One or more of Plaintiffs copyrights have elements taken from the public domain upon which a copyright infringement action cannot be maintained. Plaintiffs lack standing because they are not the legal or beneficial owner of the exclusive rights allegedly infringed, as required by 17 U.S.C. § 501(b).

### EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations. Civil actions must be commenced within three years after the claim accrues. 17 U.S.C. § 507(b).

### NINETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

DWLLC hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses, including defenses asserted by any other defendants.

### PRAYER FOR RELIEF

WHEREFORE, DWLLC prays for the entry of judgment in its favor and against Plaintiff as follows:

1. That this action be dismissed in its entirety with prejudice;

---

    2. That Plaintiff take nothing by way of the Complaint

    3. For attorney fees and costs; and

    4. For such other relief as is deemed just and proper.

Dated: **September 29, 2025**

    Lesley A. Montion

*Lesley Montion*

———————————————

By: /s/ Lesley A. Montion
Attorney for Defendant: DWLLC

---

DISCOUNT WAREHOUSE LLC - ANSWER TO COMPLAINT